IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ROOSEVELT LAWRENCE, | : | |
| Petitioner, | : | |
| VS. | : | 7:14-CV-125 (HL) |
| GREGORY MCLAUGHLIN, | : | |
| Respondent. | : | |

## RECOMMENDATION

Petitioner filed his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus on August 11, 2014. (Doc. 1). Petitioner effectively filed an Amended Petition for Writ of Habeas Corpus on September 3, 2014, and effectively filed another Amended Petition for Writ of Habeas Corpus on February 24, 2015. (Docs. 4, 14). Presently pending in this action is Respondent's Motion to Dismiss this federal habeas Petition as untimely filed. (Doc. 8). Respondent contends that Petitioner filed this federal habeas Petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). (Doc. 8-1).

On November 8, 2007, after a jury trial, Petitioner was convicted of malice murder and possession of a firearm during the commission of a crime, and was sentenced to life plus five years. (Docs. 1, 9-2). Plaintiff's counsel on appeal filed a motion for new trial, which was denied after a hearing. (Doc. 9-2). In his Petition, Petitioner sets forth that he appealed to the Supreme Court of Georgia, and his conviction was affirmed on January 25, 2010. (Doc. 1). Petitioner previously filed a Petition for Writ of Habeas Corpus in this Court on July 9, 2010.[1] *See Lawrence*

---

[1] The filing of Petitioner's previous Petition under § 2254 did not toll the statute of limitations, because the Petition was not properly filed in federal court, as Petitioner had not exhausted his state judicial remedies. *See Rhines v. Weber*, 544 U.S. 269, 274-75 (2005) ("Although the limitations period is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review,' § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations."); *See also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) ("We hold that an application for federal habeas corpus review is not 'an application for State post-conviction or other

*v. Thompson*, 7:10-CV-59, (Doc. 1). This Court dismissed that Petition without prejudice on July 26, 2011, for failure to exhaust his judicial remedies. *Id*. (Doc. 19).

Petitioner executed a state habeas petition in the Superior Court of Macon County on February 9, 2012. (Doc. 9-1). After holding an evidentiary hearing, the superior court denied his state habeas petition on November 7, 2013. (Doc. 9-2). It does not appear that Petitioner filed an application for a certificate of probable cause to appeal the denial.

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"

Petitioner filed this federal habeas Petition challenging his jury trial and November 8, 2007 sentence. Petitioner's conviction was affirmed by the Supreme Court of Georgia on January 25, 2010. Respondent states in his Motion to Dismiss that the Supreme Court of Georgia denied Petitioner's motion for reconsideration on March 1, 2010. (Doc. 8-1, p. 4). The Court notes that there is no evidence on the docket as to Petitioner's filing of a Motion for Reconsideration, however, the docket from his previous § 2254 suit before this Court contains the Supreme Court of Georgia's March 1, 2010 denial of the Motion for Reconsideration. *See Lawrence v. Thompson*, 7:10-CV-59, (Doc. 17-7). Therefore, Petitioner's conviction became final ninety days after March 1, 2010, on May 31, 2010[2], when the ninety-day period in which to file a certiorari petition expired. *Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236-37 (11th Cir. 2004).

Petitioner executed his state habeas petition on February 9, 2012, (Doc. 9-1), approximately twenty months after his state convictions and sentences became final. Petitioner's state habeas

---

collateral review' . . . Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition.").

[2] May 30, 2010, which is ninety calendar days after March 1, 2010, fell on a Sunday.

2

petition was denied on November 7, 2013 (Doc. 9-2), and became final on December 7, 2013, the date on which the 30-day period for filing an application for a certificate of probable cause to appeal expired. O.C.G.A. § 9-14-52(b).

In summary, Petitioner had until May 31, 2011 to file a federal habeas petition under 28 U.S.C. § 2254. Petitioner did not file the instant Petition until August 11, 2014, more than three years after the AEDPA limitations period had run. Petitioner's state habeas petition did not toll the statute of limitations because he filed his state petition on February 9, 2012, more than eight months after the limitations period had run. Likewise, Petitioner's July 9, 2010 federal habeas petition did not toll the limitations period, as he improperly filed the petition in federal court without first exhausting his state judicial remedies.

In his Response to Respondent's Motion to Dismiss, Petitioner does not provide an explanation for his failure to file his state habeas petition within the one-year statute of limitations. (Doc. 11). Petitioner simply writes that he objects

> to the entirety of the 'procedural aspect' which covers the whole substance of the Respondents defensive pleadings, submitted to demurrer the form, (a harmless error approach consisting of mere technicalities, formalities, and niceties of procedural approaches that have absolutely nothing to do with the substantive-component of Petitioner's claims what-so-ever, but falls short, without more, and is evasive to the substance of the ineffective assistance of counsel claim . . . .

*Id.* at 1-2. Petitioner also sets forth that "[n]o merits rulling [sic], and dismissal judgments due to a fundamental miscarriage of justice goes beyond timely finality from a void procedure ab-initio."

*Id.* at 5.   Petitioner also provides the following explanation for the untimeliness of his Petition:

> Due to ineffective assistance of counsel, who failed to file a 'timely' motion in arrest of judgment concerning the substantive-defect, such a defect cannot be procedurally barred or time barred, as it is the subject of new intervening conclusive binding precedent decision made after the trial and direct appeal. Thus res judicata, is also inapplicable, and no default should lie!"

(Doc. 1, p. 23)

Construing his response to Respondent's Motion to Dismiss broadly, Petitioner asserts he is entitled to equitable tolling. A petitioner is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (internal quotations omitted); *Hutchinson v. Fla.*, 677 F.3d 1097 (11th Cir. 2012). While Petitioner challenges the "procedural aspect" of Respondent's "defensive pleadings," he has not set forth that any extraordinary circumstance prevented his timely filing. The Eleventh Circuit has held that, as a general matter, the statute of limitations "does not render the collateral relief ineffective or inadequate to test the legality of detention, and therefore is not an unconstitutional suspension of the writ of habeas corpus." *See Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1215-17 (11th Cir. 2000).[3]

Construing the untimeliness explanation set forth in Petitioner's Petition broadly, he may be asking the court to recognize that the one-year period of limitation to be applied is not the date on which the judgment of conviction became final, but rather under § 2244(d)(1)(C), "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner sets forth in his Petition that a change in the law on the requirements for charging a jury occurred after his conviction and appeal. (Doc. 1, p. 5). However, Petitioner maintains in his Petition that the new rule came down from the Supreme Court of Georgia, and cites to a 2001 Georgia case. *Id.* at pp. 5-6. The one-year period of limitations runs from the date on

---

[3] Petitioner requests in his Petition that "the R&R grant the district court review of this gateway to actual innocence claim . . . ." (Doc. 1, p. 25). "[L]ike the actual innocence exception for procedural default, the alleged exception for AEDPA untimeliness would require the petitioner (1) to present new reliable evidence ... that was not presented at trial, and (2) to show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence." *Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (internal citations omitted). Petitioner has not put forth any new evidence of innocence, and therefore has not satisfied the necessary threshold showing of actual innocence.

which the constitutional right is initially recognized by the *Supreme Court of the United States*. Thus, the Court finds no merit to Petitioner's claim that the one-year limitations period under AEDPA should run from the date the Supreme Court of Georgia recognized a constitutional right.

Additionally, Petitioner might be asking the Court to apply the statute of limitations in § 2244(d)(1)(D), "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner essentially claims that he could not, even through the exercise of due diligence, have learned of the change in the law until the 2001 case was decided. However, Petitioner did not bring his state habeas petition until 2012, eleven years after he could have discovered the 2001 case cited in his Petition. Petitioner thus cannot rely on the limitations period in subparagraph (D) to cure the untimeliness of his Petition.

As Petitioner did not file this federal habeas Petition until more than one year after his conviction became final and has not shown that he is entitled to equitable tolling, his federal habeas Petition is untimely. Accordingly, the undersigned recommends that Respondent's Motion to Dismiss be **GRANTED**.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The undersigned recommends that the Court deny a certificate of appealability in its final Order. If Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The district judge shall make a de novo determination as to those portions of the Recommendation to which objection is made; all other

portions of the Recommendation may be reviewed by the district judge for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 27th day of March, 2015.

                                                s/ ***THOMAS Q. LANGSTAFF***
                                                **UNITED STATES MAGISTRATE JUDGE**

rmf